PEOPLE v REID (ON REMAND)

Docket No. 286784. Submitted December 13, 2010, at Lansing. Decided
    May 10, 2011, at 9:05 a.m.

Michael D. Reid was charged in the Wayne Circuit Court with felony
    drug possession and the misdemeanor of operating a motor vehicle
    while intoxicated. On the day of trial, the prosecutor moved to
    dismiss the drug-possession charge. The court, Vera Massey Jones,
    J., granted the motion, leaving only the misdemeanor charge. The
    jury convicted defendant of the misdemeanor charge. Defendant
    appealed, alleging that the circuit court did not possess jurisdiction
    to try him on the misdemeanor charge after the accompanying
    felony charge had been dismissed. The Court of Appeals, DONOFRIO,
    P.J., and SAWYER and OWENS, JJ., agreed with defendant and
    reversed the conviction, holding that the circuit court had erred by
    trying defendant on the misdemeanor charge rather than remand-
    ing the matter to the district court for trial. 288 Mich App 661
    (2010). The Supreme Court, in lieu of granting leave to appeal,
    reversed the decision of the Court of Appeals, holding that the
    circuit court was vested with jurisdiction over the misdemeanor
    charge because defendant had been charged with a felony and a
    misdemeanor that arose out of the same criminal transaction and,
    once jurisdiction had properly attached, any doubt was to be
    resolved in favor of retaining jurisdiction. The Supreme Court
    stated that any legislative intent to divest jurisdiction once it has
    properly attached must be clearly and unambiguously stated and
    that, although MCL 600.8311(a) provides that the district court
    shall have jurisdiction over misdemeanors punishable by not more
    than one year in jail, it did not expressly divest the circuit court of
    jurisdiction in the circumstances of this case. The Supreme Court
    remanded the matter to the Court of Appeals for consideration of
    defendant's remaining issues. 488 Mich 917 (2010).

On remand, the Court of Appeals *held*:

1. The circuit court did not abuse its discretion by denying
defendant's motion to suppress the result of his blood alcohol test.
Defendant had an ample opportunity under MCL 257.625a(6)(d) to
obtain an independent analysis of his blood sample under the facts of
this case before the state police destroyed the sample. Any prejudice

from failing to obtain an independent test stemmed from defendant's failure to promptly request such a test, not because the delay in charging him precluded him from promptly requesting a test.

2. Defendant failed to show any due process violation to support his claim that the prosecution deliberately waited to bring charges in order to obtain a tactical advantage against defendant.

3. The verdict was not against the great weight of the evidence.

4. The prosecutor, after the jury was sworn but before opening statements, moved to amend the information to state that the charge related to operating a motor vehicle "while under the influence of alcohol and/or a controlled substance." The amendment was to add the claim regarding alcohol, not to add a claim regarding a controlled substance. Thus, there was no merit to defendant's claim that he was prejudiced by the alleged adding of a claim regarding a controlled substance.

5. Defendant waived any issue regarding the instructions to the jury regarding intoxication by expressly approving the instruction given.

Affirmed.

CONSTITUTIONAL LAW — DUE PROCESS — DELAY IN BRINGING CHARGES.

A defendant, to be entitled to dismissal on the basis that the prosecutor's delay in charging the defendant violated the defendant's right to due process of law, must show that the delay caused actual and substantial prejudice to the defendant's right to a fair trial and an intent by the prosecutor to gain a tactical advantage.

*Bill Schuette,* Attorney General, *John J. Bursch,* Solicitor General, *Kym L. Worthy,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Rubin & Shulman, PLC* (by *Allan S. Rubin* and *Neil B. Pioch*), for defendant.

ON REMAND

Before: DONOFRIO, P.J., and SAWYER and OWENS, JJ.

PER CURIAM. This case is once again before us, now on remand by the Michigan Supreme Court. In our original

opinion, we concluded that the circuit court did not possess the jurisdiction to try defendant on a misdemeanor charge when the accompanying felony charge had been dismissed before the beginning of trial. *People v Reid*, 288 Mich App 661; 795 NW2d 159 (2010). The Supreme Court, in lieu of granting leave to appeal, reversed our decision and remanded the matter to us to consider issues previously raised by defendant but not addressed in our original opinion. *People v Reid*, 488 Mich 917 (2010). We consider those issues and now affirm defendant's conviction of operating a motor vehicle while intoxicated (OWI).[1]

Defendant first argues that the trial court erred by denying his motion to suppress the result of his blood alcohol test as well as his motion to dismiss. We disagree.

Defendant's motion to suppress was based on an argument that he was deprived of his right under MCL 257.625a(6) to have an independent chemical test performed on the blood sample. We disagree. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

MCL 257.625a(6)(d) provides that a defendant in an OWI case be given a "reasonable opportunity" to obtain an independent analysis of his or her blood sample:

> A chemical test described in this subsection shall be administered at the request of a peace officer having reasonable grounds to believe the person has committed a crime described in [MCL 257.625c(1)]. A person who takes a chemical test administered at a peace officer's request as provided in this section shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this subsection

---

[1] MCL 257.625(1)

within a reasonable time after his or her detention. The test results are admissible and shall be considered with other admissible evidence in determining the defendant's innocence or guilt. If the person charged is administered a chemical test by a person of his or her own choosing, the person charged is responsible for obtaining a chemical analysis of the test sample.

In this case, a sample of defendant's blood was drawn following his arrest on November 13, 2005. The sample was destroyed by the state police crime lab in February 2008 pursuant to a policy providing for the destruction of samples two years after their receipt unless there is a request to preserve the samples longer. There is no indication that, at any time during the more than two-year period that the crime lab was storing defendant's blood sample, defendant made a request for an independent analysis that was denied. While it is true that defendant may not have been particularly motivated to have an independent test of his blood sample performed until after he was actually charged with a crime, he was charged on August 3, 2007. While this was almost two years after his initial arrest, it was still approximately six months before the blood sample was actually destroyed. We conclude that defendant had more than an ample opportunity to have his blood sample independently tested and, therefore, the trial court did not abuse its discretion by denying defendant's motion to suppress the test results.

This brings us to a second argument that defendant raises under this issue: whether the delay in charging defendant violated his right to due process of law. We review this question de novo. *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999). For a defendant to be entitled to dismissal on this basis, the defendant must show that the delay caused "actual and substantial prejudice to the defendant's right to a fair trial and an

intent by the prosecution to gain a tactical advantage." *People v Crear*, 242 Mich App 158, 166; 618 NW2d 91 (2000), overruled in part on other grounds by *People v Miller*, 482 Mich 540, 561 n 26 (2008). We are not persuaded that defendant has made such a showing in this case.

Defendant argues that there was prejudice because of his inability to obtain an independent analysis of his blood sample. But as already discussed, the sample was not destroyed until approximately six months after defendant was eventually charged. Defendant had more than two years to obtain independent testing of the blood sample, including for approximately six months after he was actually charged. Any prejudice from failing to obtain an independent test stemmed from defendant's failure to promptly request such a test, not because the delay in charging him precluded him from requesting a test.

Defendant also argues that the prosecution gained a tactical advantage as a result of the delay in bringing charges because the prosecutor knew that the Michigan State Police would have already destroyed the videotape of the traffic stop, thus depriving defendant of potentially exculpatory evidence from the videotape. But this argument also fails. First, defendant merely speculates that this was the reason for the delay. Indeed, defendant is unable to establish that a videotape ever existed. The arresting officer, Trooper Christopher Bommarito, testified that he could not recall whether the police car that he was driving that evening had a video camera. On the basis of the fact that there was a blank space under "video" on his police report, he concluded that there "might not have been a video" because the normal practice is to write the car number in that spot if the car is equipped with video equipment. He further testified

that, even if a video had existed, it would have been taped over after 60 days. A second officer, Trooper Korey Rowe, who arrived at the scene at approximately the time defendant's vehicle was stopped, did have video equipment in his car. But that video was presumably turned in and subsequently taped over under the 60-day-rotation policy.

But defendant does not show that the prosecution deliberately waited to bring charges so that the tapes would be unavailable. Indeed, the prosecutor did not wait merely two months to bring charges, but almost two years. Not only is it mere speculation that the videotape would have been helpful to defendant and further speculation that the prosecutor waited to bring charges until any such tape would have been reused under the 60-day-rotation policy, that speculation falls apart in light of the fact that the prosecutor then waited an additional 18 months or so to bring charges. It would seem that if the prosecutor's motivation in delaying the charges was to wait for any videotape to be reused, the charges would have been brought much sooner than was the case.

For these reasons, we conclude that defendant has not shown a due process violation arising from the delay in charging him.

Next, defendant argues that the jury's verdict that he was intoxicated was against the great weight of the evidence. We disagree. Because defendant did not move for a new trial, his unpreserved great-weight-of-the-evidence argument is reviewed for plain error. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). A verdict is against the great weight of the evidence if the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow it to stand. *Id.* at 218-219.

In this case, there was substantial evidence of defendant's guilt. Trooper Bommarito testified regarding defendant's physical abilities, including defendant's failing of field sobriety tests, at the time of the traffic stop. Additionally, a lab technician testified regarding the results of the blood tests, the level of alcohol and drugs in defendant's blood system, and the effects that amount of alcohol and drugs would have had on defendant's ability to drive. In light of this evidence, the jury could reasonably have concluded that defendant was guilty.

Defendant next argues that he was unfairly prejudiced when the prosecutor was permitted to amend the information after the jury was empaneled. Specifically, defendant argues that the prosecutor should not have been allowed to change the theory of the case from operating a motor vehicle while under the influence of alcohol to operating "while under the influence of alcohol and/or a controlled substance" because defendant had prepared his defense to defend against alcohol charges only, with a blood alcohol content of only 0.02 percent. We disagree.

Defendant concedes that he did not object in the trial court to the amendment and, therefore, we review this issue for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). The record does reflect that, after the jury was sworn but before opening statements, the prosecutor moved to amend the information to state "while under the influence of alcohol and/or a controlled substance." But the record also reflects that, when the trial court read the information to the prospective jurors at the beginning of jury selection, the information stated "while under the influence of a controlled substance." Therefore, the amendment was to add the claim regarding alcohol, not

to add a claim regarding a controlled substance. Because defendant's argument is premised on adding the claim of a controlled substance and this did not happen, there is no plain error to correct.

Finally, defendant argues that the trial court erred by instructing the jury on intoxication. At trial, however, defense counsel expressly approved the instruction given. Therefore, this issue is waived. *People v Carter*, 462 Mich 206, 214-215; 612 NW2d 144 (2000).

Affirmed.

DONOFRIO, P.J., and SAWYER and OWENS, JJ., concurred.