# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TIMOTHY RAY CRAMPTON,

       Defendant-Appellant.

UNPUBLISHED
June 28, 2016

No. 326785
Muskegon Circuit Court
LC No. 13-063758-FH

Before: STEPHENS, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

Defendant, Timothy Crampton, was convicted of operating a motor vehicle while intoxicated (OWI), third offense, MCL 257.625(1)(a) and (9). The trial court sentenced him to 12 months in jail. He appeals as of right, and we affirm.

Defendant argues on appeal that he was denied his right to present a defense when the trial court granted the prosecution's motion in limine and excluded evidence that defendant's blood sample was destroyed, which occurred in the normal course more than two years after testing by the Michigan State Police Crime Laboratory. "A defendant has a constitutionally guaranteed right to present a defense." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008), citing US Const, Am VI; Const 1963, art 1, § 20. However, this right is not absolute, and "the accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Yost*, 278 Mich App at 379 (citations and quotation marks omitted).

Under Michigan law, a person who takes a chemical test, such as a blood alcohol test, at the request of a police officer must be given a reasonable opportunity to procure an independent test. MCL 257.625a(6)(d) provides, in relevant part,

> A person who takes a chemical test administered at a peace officer's request as provided in this section shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this subsection within a reasonable time after his or her detention. . . . If the person charged is administered a chemical test by a person of his or her own choosing, the person charged is responsible for obtaining a chemical analysis of the test sample.

-1-

A defendant's statutory rights under MCL 257.625a(6)(d) are not necessarily violated, however, if he fails to request an independent chemical test before his blood sample is destroyed where the sample is destroyed pursuant to policy. *People v Reid (On Remand)*, 292 Mich App 508, 510-511; 810 NW2d 391 (2011).

Here, defendant was arrested on August 13, 2011[1] and charged with operating a motor vehicle while intoxicated on February 2, 2012. The record reflects that his blood sample was destroyed as a matter of routine in September or October of 2013. Thus, defendant had over two years from the time he was arrested and over a year and a half from the time he was charged to exercise his right to an independent chemical test before it was destroyed per protocol. He did not exercise that right. No cogent argument has been presented, nor are we inclined to find one, that defendant was deprived of a "reasonable opportunity" to have an independent test conducted under the circumstances. See *Reid (On Remand)*, 292 Mich App at 511. Because defendant was given a reasonable opportunity to obtain an independent chemical test, his rights under MCL 257.625a(6)(d) were not violated. See *Reid (On Remand)*, 292 Mich App at 510-511. And, because defendant cannot establish a violation of his statutory rights, he was not entitled to a jury instruction about the destroyed sample. *People v Antsey*, 476 Mich 436, 450; 719 NW2d 579 (2006). Defendant was not denied the right to present a defense when the trial court granted the prosecution's motion to exclude testimony about the destruction of the sample.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher

---

[1] It appears from the record that the delay between defendant's arrest in 2011 and his trial in 2014 was attributable, in large part, to defendant absconding.