# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPH ALAN WHARTON,

        Defendant-Appellant.

UNPUBLISHED
June 30, 2016

No. 326978
Calhoun Circuit Court
LC No. 2015-000188-FH

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of carrying a concealed weapon (CCW), MCL 750.227; third-degree home invasion, MCL 750.110a(4); felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 42 to 120 months' imprisonment for the CCW, home invasion, and felon in possession of a firearm convictions, consecutive to a two-year sentence for felony-firearm. He appeals as of right. We affirm.

## I. FACTS AND PROCEDURE

This case arises out of a prior domestic relationship between defendant and his ex-girlfriend (the victim). Before the couple broke up, they lived together at a house in Battle Creek. After the relationship ended, the victim continued to reside in the Battle Creek house—and changed the locks—while defendant moved elsewhere. The victim subsequently remained in contact with defendant, who would occasionally stay at the Battle Creek house. He also continued to store personal property there.

In March 2014, defendant and the victim had an altercation of some sort, and defendant was arrested. The victim sought and was granted a personal protection order against defendant. Two days later, the victim woke to find defendant in her bedroom. She asked him to leave, but he refused. Eventually, defendant left the Battle Creek house on foot. Later that evening, the victim heard several gunshots fired "right out in front" of the house. She was certain that defendant fired the shots and knew that he customarily carried two .45-caliber handguns. The police were summoned and, during their investigation of the scene, discovered nine empty .45-caliber shell casings on the road in front of the victim's house. Suspecting that defendant was the shooter and might still be in the area, one of the responding officers began to patrol the

-1-

nearby roadways. Defendant was located nearby and placed under arrest. When arrested, he was in possession of two .45-caliber handguns with extended magazines.

Defendant was originally charged with CCW, possession of a firearm by a felon, felony-firearm, and possession of a controlled substance less than 25 grams. The charges were subsequently dismissed without prejudice for reasons that are unclear from the record on appeal. The same thing occurred several times, with the prosecution issuing, dismissing, and then reissuing the charges against defendant. Eventually, another felony complaint was issued—the one associated with the instant case—in which defendant was charged with CCW, felony-firearm, and possession of a controlled substance less than 25 grams. The case proceeded to a preliminary examination. At that time, the prosecution added two additional charges: third-degree home invasion and possession of a firearm by a felon. It is unclear from the record whether defendant was ever arraigned on the added charges, but he was subsequently convicted of third-degree home invasion, felon in possession of a firearm, felony-firearm, and two counts of CCW.

Thereafter, defendant filed a motion for an evidentiary hearing or a new trial, arguing that he had been denied the right to effective assistance of counsel. While the body of defendant's motion did not specify how his trial counsel performed ineffectively, defendant's counsel attached a list prepared by defendant of 46 purported errors. Defendant submitted a pro se brief in support, arguing that his trial counsel performed ineffectively by failing to ensure that defendant was properly arraigned, failing to spend enough time with him, and refusing to submit all of his requests to the court at the preliminary examination and at trial. Specifically, defendant argued that his trial counsel was ineffective for refusing to object to "certain issues" at the preliminary examination, refusing to excuse a juror, and refusing to object to a line of questioning by the prosecution insinuating that defendant's mother would lie to protect him. Ultimately, the trial court denied defendant's motion for an evidentiary hearing, reasoning that "defendant's laundry list of alleged deficiencies by his trial counsel fails to provide any type of factual grounds to support his claim of ineffective assistance."

The instant appeal followed.

## II. ANALYSIS

### A. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that he was denied the effective assistance of counsel and that the trial court erred when it denied defendant's motion for an evidentiary hearing and new trial. We disagree in both respects.

We review a trial court's decision to grant an evidentiary hearing for an abuse of discretion. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). Our review of defendant's ineffective assistance of counsel claims is limited to error apparent on the record. *People v Buie (On Remand)*, 298 Mich App 50, 61; 825 NW2d 361 (2012).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an

objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. A defendant must also show that the result that did occur was fundamentally unfair or unreliable. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

A defendant bears the burden of proving the factual predicate for a claim of ineffective assistance. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

When a defendant requests a new trial and that request depends on facts not of record, the trial court should allow the defendant to make a testimonial record in support of his motion by holding an evidentiary hearing. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). An evidentiary hearing regarding ineffective assistance of counsel should be granted if a defendant has "set forth . . . facts that would require development of a record to determine if defense counsel was ineffective." *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007).

On appeal, defendant argues that the trial court erred by denying his motion for an evidentiary hearing. However, defendant did not "set forth . . . facts that would require development of a record to determine if defense counsel was ineffective." See *id.* Defendant's motion for a new trial and his subsequent supplemental briefs did not explain any need for facts not on the record, nor did defendant provide any offers of proof of the facts to be established at a hearing. As such, the trial court did not abuse its discretion when it denied defendant's request. See *Unger*, 278 Mich App at 217.

Moreover, defendant has not established that his trial counsel performed ineffectively. On appeal, defendant argues that his trial counsel was unable to handle the case and that, had defense counsel been prepared and had a chance to fully evaluate the case, defendant would not have been convicted. However, because defendant does not explain how his counsel was ineffective or why he believes his counsel was incapable, unprepared, or had not fully evaluated the case, defendant has failed to meet his burden of proving that defense counsel was incapable or unprepared in such a way as to render his performance constitutionally deficient. The only specific instance of ineffectiveness listed by defendant on appeal is that defense counsel should have filed a motion to dismiss based on due process and harassment grounds. There is nothing in the record to support defendant's claim in that regard. Although defendant attached some documents to his Standard 4 brief, such documents are not a part of the lower court record and therefore constitute an impermissible attempt to expand the record on appeal. See *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). Because defendant has failed to establish the factual predicate for his claim, it necessarily fails. See *Hoag*, 460 Mich at 6.

## B. DUE PROCESS

Next, defendant argues that reversal of his convictions is necessary because his due process rights were violated when the prosecution continued to issue, dismiss, and reissue the charges against him.[1] We disagree.

The second time the charges against defendant were issued, the prosecution sought an adjournment of the preliminary examination—not dismissal—for several reasons, most notably the absence of several necessary witnesses. Defendant objected to the adjournment, and thus the district court dismissed the case without prejudice.

On that basis, defendant's instant claim of error merits no relief. Contrary to defendant's argument on appeal, the *prosecution* did not decide to dismiss the charges against him a second time. Rather, by objecting to the prosecution's requested adjournment, *defendant* caused the case to be dismissed. "[E]rror requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence[.]" *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003), disapproval on other grounds 469 Mich 966 (2003).

## C. ARRAIGNMENT

In his Standard 4 brief, defendant argues that the trial court erred by failing to arraign defendant on charges added at the preliminary examination. We review this unpreserved issue for plain error affecting defendant's substantial rights. *People v Reid (On Remand)*, 292 Mich App 508, 514; 810 NW2d 391 (2011).

"The purpose of an arraignment is to provide formal notice of the charge against the accused." *People v Waclawski*, 286 Mich App 634, 704; 780 NW2d 321 (2009). Arraignments also allow a defendant an opportunity to enter a plea on the charges. *People v Nix*, 301 Mich App 195, 208; 836 NW2d 224 (2013). At an arraignment on the information, the "court must either state to the defendant the substance of the charge contained in the information or require the information to be read to the defendant." MCR 6.113(B). However, "[a]fter trial on the merits want of plea does not render a conviction invalid." *Nix*, 301 Mich App at 208, quoting *People v Weeks*, 165 Mich 362, 364; 130 NW 697 (1911). A showing of actual prejudice is required to merit relief for a failure to hold an arraignment. MCR 6.113(A); *Nix*, 301 Mich App at 208. The information may be amended at any time before, during, or after a trial, unless doing so would prejudice the defendant. *People v Russell*, 266 Mich App 307, 317; 703 NW2d 107 (2005); MCR 6.112(H).

It is not clear from the record whether defendant was actually arraigned on the two charges the prosecution added at his preliminary examination. Regardless, even assuming that defendant was not arraigned, he has failed to establish that he was prejudiced by the lack of

---

[1] Defendant attached documents regarding the previous charges to his Standard 4 brief on appeal. However, we may not expand the record on appeal, and therefore cannot consider such documents. See *Powell*, 235 Mich App at 561 n 4.

arraignment. Defendant had notice of the charges against him because he was present at the preliminary examination where he was bound over for trial on the added charges and because the prosecution filed an amended information. See *Waclawski*, 286 Mich App at 706. Further, defendant has not suggested anything that his attorney would have done differently had he been arraigned on the additional charges, or articulated how the lack of arraignment impacted him in any way. See *People v McGee*, 258 Mich App 683, 693; 672 NW2d 191 (2003). Indeed, considering defendant's presence at the preliminary examination where the charges were amended, defendant cannot establish prejudice. See *Nix*, 301 Mich App at 208. Because there is no indication that defendant was prejudiced by any arraignment error and because nothing in the record shows that defendant was unaware of the nature of the charges against him, defendant has failed to establish a plain error affecting his substantial rights.

## D. MOTION TO SUPPRESS

Finally, defendant argues in his Standard 4 brief that the trial court erred when it declined to conduct an evidentiary hearing on, and subsequently denied, his motion to suppress evidence that he was carrying weapons at the time of his arrest. There is nothing in the record, however, to support defendant's claim that he *filed* such a motion—or any motion like it—in this case. Thus, defendant has failed to meet his burden of furnishing us with a record to verify the factual basis of his arguments, see *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000), and his instant claim of error consequently fails.

Affirmed.


/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder