# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TORIAN DEWAYNE MEDLOCK,

Defendant-Appellant.

UNPUBLISHED
January 3, 2019

No. 338641
Oakland Circuit Court
LC No. 2016-260835-FC

---

Before: MURRAY, C.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

A jury convicted defendant of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f), and the trial court sentenced him as a second-offense habitual offender, MCL 769.10, to 28 to 50 years in prison for each conviction, to be served concurrently. Defendant appeals as of right, and we affirm.

## I. COUNSEL'S ISSUE - PREARREST DELAY

Defendant argues that his right to due process was violated by the approximate nine-year delay between the time he was first identified as a possible suspect in July 2007 and the time of his arrest in October 2016. Whether a delay in charging a defendant violated his right to due process is reviewed de novo. *People v Reid (On Remand)*, 292 Mich App 508, 511; 810 NW2d 391 (2011).

A due process violation can result from a delay between the date of the offense and the defendant's arrest. But a defendant does not have a constitutional right to be arrested. See *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009). As explained in *Patton*:

> "Before dismissal may be granted because of prearrest delay there must be actual and substantial prejudice to the defendant's right to a fair trial and an intent by the prosecution to gain a tactical advantage." *People v Crear*, 242 Mich App 158, 166; 618 NW2d 91 (2000), overruled in part on other grounds *People v Miller*, 482 Mich 540 (2008). Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected. *People v Adams*, 232 Mich App 128, 135; 591 NW2d 44 (1998). " '[A]ctual and substantial' prejudice requires more than generalized allegations." *Id*. If a defendant demonstrates prejudice,

-1-

the prosecution must then persuade the court that the reason for the delay sufficiently justified whatever prejudice resulted. *People v Cain*, 238 Mich App 95, 109; 605 NW2d 28 (1999). [*Patton*, 285 Mich App at 237.]

A defendant cannot merely speculate generally that a delay resulted in lost memories, witnesses, or evidence, even when the delay was especially long. *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014), aff'd 497 Mich 23 (2014).

Although defendant established that there was a delay of more than nine years in arresting him after he was identified as a suspect, he did not establish either an intent by the prosecution to gain a tactical advantage, or actual and substantial prejudice to his ability to defend against the charges. There are at least two reasons for this conclusion.

First, despite the prosecutor being unable to offer any reason for the delay, defendant presented no evidence that the delay was intended to give the prosecution a tactical advantage. The DNA evidence and the victim's identification of defendant formed the foundation for the prosecution's case. The DNA evidence was available in 2007, and there is no basis for concluding that the delay in defendant's arrest rendered the victim's identification of defendant in 2016 any stronger than it would have been in 2007. Defendant argues that the substantial mental anguish endured by the victim over the years, which was probative of the personal injury element of the charged CSC-I offenses,[1] helped bolster the prosecution's case. However, the evidence showed that the victim received physical injuries during the offense, and then experienced significant emotional problems that affected her functioning and daily life immediately after the offense. This evidence would have been available at an earlier trial if defendant had been arrested after the discovery of the DNA match in 2007. Thus, the delay was not significant to enabling the prosecution to prove the personal injury element of the offenses.

Second, with respect to whether defendant demonstrated substantial prejudice to his right to a fair trial, defendant argues that he was prejudiced because the jury heard evidence about the victim's mental and emotional state over a 10-year period, which it would not have heard if this case had been promptly prosecuted. As indicated, the evidence of the victim's mental anguish, either at the time of the offense or later, was relevant to the personal injury element of the CSC-I charges. However, the prejudice necessary to establish a due process violation does not refer to the state's ability to prove its case; it is concerned with whether the defendant's ability to defend against the charge has been substantially impaired. *Patton*, 285 Mich App at 237. Regardless, the victim's testimony indicated that she was profoundly affected emotionally close in time to the offense. She described dropping out of school, staying in her room for four months, and

---

[1] Defendant was convicted of violating MCL 750.520b(1)(f), under which a person is guilty of CSC-I if the person engages in sexual penetration of another person and "[t]he actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration." "Personal injury" is defined in MCL 750.520a(n) as "bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss of impairment of a sexual or reproductive organ."

avoiding social interaction during that period. This same evidence would have been available if defendant had been charged in 2007.

Defendant has also failed to explain how the mere passage of time substantially impaired his ability to defend against the charges. To establish a due process violation based on prearrest delay, defendant must demonstrate prejudice that is both "actual" and "substantial." *Patton*, 285 Mich App at 237. Defendant speculates that video evidence was not preserved, but he has offered no evidence that video evidence actually existed, or would have still been available at the time the DNA match was discovered in July 2007, approximately seven months after the sexual assault. Similarly, defendant speculates that witnesses might have supported his defense, but he has not identified any specific witness or other evidence that was known to exist in 2007, but which became unavailable due to the delay in bringing charges.

In sum, defendant failed to establish either that the prosecution intended to gain a tactical advantage by delaying his arrest, or that the delay caused actual and substantial prejudice to his ability to defend against the charges. Therefore, the trial court did not err by denying defendant's motion to dismiss.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief, filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, none of which have merit.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was denied the effective assistance of counsel because the motion to dismiss filed by defense counsel confused concepts relating to the right to a speedy trial with prearrest delay. Because defendant failed to raise an ineffective assistance argument in a motion for a new trial or request for an evidentiary hearing in the trial court, our review of this issue is limited to errors apparent from the record. *Woolfolk*, 304 Mich App at 453-454. To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced defendant that he was denied the right to a fair trial. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). To establish prejudice, defendant must show that there was a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996).

We agree with defendant that defense counsel's motion to dismiss conflated principles applicable to a speedy trial claim with those for a due process claim based on prearrest delay. However, defendant must still establish that he was prejudiced by counsel's deficient performance. He has not done so. For one, the trial court was aware of the differences between the two types of claims and addressed the merits of both of them, finding no merit to either. Additionally, the trial court did not err by denying defendant's motion to dismiss based on prearrest delay. In this issue, defendant has not offered anything more that would change the analysis or outcome of the prearrest delay issue. Therefore, defendant's ineffective-assistance argument cannot succeed.

## B. PERJURY

Next, defendant argues that he was denied a fair trial because the victim offered perjured testimony at trial, which the prosecutor failed to correct. Because defendant did not raise this issue in the trial court, it is unpreserved. Therefore, we review the issue for plain error affecting defendant's substantial rights. *People v Abraham,* 256 Mich App 265, 274; 662 NW2d 836 (2003). An error is plain if it is clear or obvious, and an error affects substantial rights if it is prejudicial, i.e., if it affects the outcome of the proceedings. *People v Jones*, 468 Mich 345, 355-356; 662 NW2d 376 (2003).

The test for prosecutorial error is whether the defendant was denied a fair trial. *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995); *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015). A defendant's right to due process is violated when the prosecution allows false testimony from one of its witnesses to go uncorrected. *People v Smith*, 498 Mich 466, 475; 870 NW2d 299 (2015). The defendant has the burden of demonstrating that the evidence or testimony was in fact false. See *People v Bass*, 317 Mich App 241, 272; 893 NW2d 140 (2016).

Defendant contends that the victim's trial testimony about being assaulted in the truck by defendant was false because the doctor who treated her at the hospital testified that she only had a scratch or scratches to her face and a cut inside her lip. Defendant argues that because the doctor did not find any injuries to the victim's head or neck, she therefore lied about defendant elbowing her in the face four or five times, causing her to strike her head on the truck, and lied about defendant choking her. However, the doctor explained that such injuries can differ in different individuals. He also stated that patients who reported being strangled do not always have physical marks on their necks. Therefore, the doctor's testimony does not establish that the victim's testimony about being assaulted was false. Further, because the doctor's testimony about the results of his examination was presented to the jury, defendant cannot claim that the victim's allegedly contradictory testimony stood uncorrected. Rather, it was up to the jury to evaluate the competing testimony and determine whether the doctor's testimony affected the credibility of the victim's account of the assault.

As for the lack of evidence of any injury to the victim's vaginal or anal areas, that was not inconsistent with the sexual acts she described, which the doctor explained in his testimony. Thus, this too does not establish that the victim perjured herself.

Defendant also argues that the victim committed perjury because some of the details mentioned in her trial testimony were not included in her police statements. Defendant notes that the victim did not mention the condition of the interior of the truck's door or her license being taken by defendant. He also notes that the victim testified at trial that she willingly got into defendant's truck, but one of her police statements indicated that she was forced into the truck. The victim also inconsistently described the area where defendant parked as being both an abandoned lot and a driveway. Defendant claims that these inconsistencies are all indications that the victim was lying under oath. The victim addressed some of the inconsistencies at trial. She testified that if the officer wrote down in his report that she was forced into the truck; that was not accurate. She explained that she did not mention to one of the officers that defendant took her driver's license because the officer did not ask. She further explained how defendant

parked in a driveway, which was next to an abandoned lot and an abandoned house. At most, defendant has established some alleged inconsistencies between the victim's trial testimony and prior statements. As this Court recognized in *Bass*, 317 Mich App at 275, "[a]lthough an inconsistent prior statement may be a mechanism to impeach a witness's credibility at trial, it is not definitive evidence that the trial testimony is false." Moreover, because these alleged inconsistences were presented to the jury, defendant was not denied a fair trial. It was up to the jury to determine whether the victim's trial testimony was in fact inconsistent with her prior statements and, if so, whether the inconsistencies affected the credibility of her testimony. Defendant has not established that the prosecutor knowingly presented, or failed to correct, testimony known to be false.

## C. SENTENCING

Defendant argues that he was improperly sentenced as an habitual offender pursuant to MCL 769.10 because the prosecutor failed to timely file notice of the prosecution's intent to seek sentence enhancement.

MCL 769.13(1) provides:

> In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so *within 21 days after the defendant's arraignment on the information charging the underlying offense* or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense. [Emphasis added.]

According to the record, defendant was arraigned on the warrant in district court on October 8, 2016. A preliminary examination was held on November 15, 2016, and defendant was bound over for trial. On November 18, 2016, the prosecutor filed the general information charging defendant with three counts of CSC-I. Also on November 18, 2016, the prosecutor filed a notice of intent to seek sentence enhancement, pursuant to MCL 769.10 and MCL 769.13.

In his argument on appeal, defendant argues that the notice of intent to seek sentence enhancement was untimely because it was filed more than 21 days after October 8, 2016, which is the date defendant was arraigned on the warrant. Defendant's argument confuses the arraignment on the warrant with the arraignment on the information. MCL 769.13(1) clearly states that the 21-day period runs from the time a defendant is arraigned on the information. See *People v Richards*, 315 Mich App 564, 588-589; 891 NW2d 911 (2016), rev'd in part on other grounds 501 Mich 921 (2017). Using the date that defendant was arraigned on the information, which is the operative date for purposes of MCL 769.13, the habitual-offender notice was timely filed.

Affirmed.

/s/ Christopher M. Murray
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan