*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision
until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 15, 2019

Plaintiff-Appellee,

v

No. 342892
Wayne Circuit Court
LC No. 17-008861-01-FC

PHILLIP CARLOS HALL,

Defendant-Appellant.

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of second-degree murder, MCL 750.317, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84.[1]  Defendant was sentenced to imprisonment of 22 to 40 years for the second-degree murder conviction, two years for the felony-firearm conviction, and 5 to 10 years for the AWIGBH conviction.  Defendant appeals as of right, and we affirm.

## I.  BASIC FACTS

In the late evening hours of September 16, 2017, defendant and Richard Bailey parked across the street from Neville Morris Sr.'s (Neville Sr.) house.  Defendant was purportedly upset about the relationship between his sister and Neville Sr.'s son, Lorenzo.  Neville Sr.'s son, Neville Morris, Jr. (Neville Jr.), approached defendant's vehicle and saw that defendant had a nine millimeter pistol in his hand.  Neville Jr. and defendant had a brief discussion at defendant's vehicle, during which Neville Sr. returned home and parked in his driveway.  During his argument with Neville Jr., defendant exited his vehicle with his gun in his hand, and Neville Jr. backed away from defendant's vehicle.  Meanwhile, Neville Sr. retrieved his .45 caliber pistol from his vehicle, holstered it, and exited his vehicle.  Neville Sr. then had a brief discussion with defendant before walking back to his house with Neville Jr.

---

[1] Defendant was acquitted of assault with intent to commit murder, MCL 750.83.

-1-

As Neville Jr. and Neville Sr. walked toward Neville Sr.'s house, defendant and Bailey entered defendant's vehicle and drove onto the driveway Neville Sr. shared with his neighbor. Defendant and Bailey exited defendant's vehicle and walked toward Neville Sr.'s house. Defendant had his gun in his hand and waved it in the air as he threatened to kill Neville Jr., Neville Sr., and everyone else in Neville Sr.'s house. Defendant and Bailey walked toward Neville Jr. and Neville Sr. when they were on their porch.

Bailey stepped in front of defendant and had one foot on Neville Sr.'s porch when defendant fired his gun two times at Neville Sr., who drew his gun and returned fire. While doing so, Neville Sr. attempted to move off his porch and toward his vehicle, but he was shot in the neck and fell to the ground. He continued to fire his weapon in defendant's direction. When Neville Sr. fell, he was foot to foot with Bailey. Neville Jr. picked up Neville Sr.'s gun and shot at defendant as he returned to his vehicle and drove away.

Bailey was shot five times and died of his injuries at the scene. Neville Sr. was shot in the neck, but taken to the hospital by Neville Jr. and survived. The police received a run to a gunshot wound victim and found defendant had crashed his car nearby and was in and out of consciousness. Defendant also was taken to the hospital and survived. Detroit Police Sergeant Todd Eby interviewed defendant on September 17, 2017, and September 18, 2017 in the hospital. Defendant's statements in the hospital and his testimony at trial described different series of events. However, he denied initiating the altercation and being the aggressor.

## II. JURY INSTRUCTIONS

Defendant asserts that he was entitled to additional jury instructions addressing whether he could be held responsible for Neville Sr.'s killing of Bailey. We disagree.

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." MCL 768.29. Waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (citation omitted). When a defendant expresses satisfaction with the jury instructions, any error is waived. *Id*. at 214-215; *People v Reid*, 292 Mich App 508, 515; 810 NW2d 391 (2011).

In the present case, defendant did not request the omitted instruction at trial, and in fact, expressed satisfaction with the instructions given by the trial court. Therefore, the express approval by defense counsel of the trial court's instruction extinguished any error, and there is no error for review.

## III. CHARACTER EVIDENCE

Defendant argues that the trial court erred by omitting evidence of Bailey's character for violence. We disagree.

During cross-examination of Bailey's sister, defense counsel inquired whether Bailey had a criminal record, and the prosecutor objected. Outside the presence of the jury, defense counsel argued that Bailey had a gun conviction and was "known for guns" and "may very well have been the first aggressor." The trial court ultimately held that Bailey's prior specific instances of violence and

lawlessness were too remote to show that he was the aggressor in this case. When trial resumed the next day, the trial court clarified that any alleged acts of aggression by Bailey had to be directed toward the defendant and not third parties. Accordingly, because Bailey's character for aggression was not pursued against defendant, who brought Bailey to the scene, it was not admissible to show that he was known for guns and the first aggressor. Ultimately, there was no evidence presented at trial that Bailey had a gun in his possession or could have initiated the gun fight.

On appeal, defendant contends that Neville Sr. may have decided to shoot Bailey because of a reasonable apprehension of harm in light of Bailey's prior specific acts of violence. There is no indication that Neville Sr. had any knowledge of Bailey's alleged prior acts of violence and in light of Neville Sr.'s testimony that he fired his weapon solely in response to shots fired by defendant, the trial court did not abuse its discretion by excluding this evidence.

When properly preserved, this Court "review[s] for an abuse of discretion a trial court's decision to admit or exclude evidence," and reviews any preliminary legal questions of law de novo. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). Preliminary questions of law require a court to determine "whether a rule of evidence or statute precludes admissibility of the evidence." *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Cameron*, 291 Mich App 599, 608; 806 NW2d 371 (2011) (quotation marks and citation omitted).

Here, the admission of character evidence is governed by MRE 404 which provides, in relevant part:

(a) Character Evidence Generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

* * *

(2) Character of Alleged Victim of Homicide. When self-defense is an issue in a charge of homicide, evidence of a trait of character for aggression of the alleged victim of the crime offered by an accused, or evidence offered by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a charge of homicide to rebut evidence that the alleged victim was the first aggressor[.]

This Court recently addressed the admission of evidence showing a victim's character for violence in a homicide case in *People v Edwards*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 344541), slip op at 4, and held:

First, evidence of a victim's character for aggression is admissible as reputation evidence, even if the defendant does not have knowledge of the decedent's character, to show that the decedent was the probable aggressor. With that said, reputation evidence of the decedent not known to the defendant is inadmissible if used to prove an essential element of self-defense, e.g., a reasonable apprehension of harm. Second, evidence of the

-3-

decedent's specific acts of violence is admissible only to prove an essential element of self-defense, such as a reasonable apprehension of harm.

Although defendant received a self-defense instruction to address his acts regarding Lorenzo, defendant argues on appeal that evidence of Bailey's character for violence was admissible to show that *Neville Sr.* acted in self-defense when he shot and killed Bailey. Defendant provides no relevant or binding authority to support the position that a defendant can assert a self-defense argument on behalf of third parties. Thus, evidence of Bailey's prior acts and character for violence was not admissible to show that Neville Sr. had a reasonable apprehension of harm. See *Edwards*, slip op at 4.

Accordingly, the trial court did not abuse its discretion in excluding the evidence or by finding that any alleged acts of aggression by Bailey had to be directed toward the defendant and not third party Neville Sr.

## IV. PHOTOGRAPHIC EVIDENCE

Defendant submits that the photographs of Neville Sr.'s injuries were improperly admitted into evidence because their probative value was substantially outweighed by their prejudicial effect. We disagree.

When properly preserved, this Court "review[s] for an abuse of discretion a trial court's decision to admit or exclude evidence," and reviews any preliminary legal questions of law de novo. *Mann*, 288 Mich App at 117. "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Cameron*, 291 Mich App at 608 (quotation marks and citation omitted).

"Generally, all relevant evidence is admissible at trial." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *People v Martzke*, 251 Mich App 282, 293; 651 NW2d 490 (2002) (citation and quotation marks omitted). "Under this broad definition, evidence is admissible if it is helpful in throwing light on any material point." *Aldrich*, 246 Mich App at 114.

Under MRE 403, however, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "MRE 403 does not prohibit prejudicial evidence; rather, it prohibits evidence that is unfairly prejudicial. In essence, evidence is unfairly prejudicial when there exists a danger that marginally probative evidence might be given undue weight by the jury." *People v Dixon-Bey*, 321 Mich App 490, 513; 909 NW2d 458 (2017).

When addressing the admissibility of photographs, this Court held in *People v Anderson*, 209 Mich App 527, 536; 531 NW2d 780 (1995):

> Photographs are admissible if they are substantially necessary or instructive to show material facts or conditions. Photographs are not inadmissible merely because they may be gruesome and shocking. However, the trial court should exclude those that could lead the jury to abdicate its truth-finding function and convict on passion alone.

-4-

Photographs may "also be used to corroborate a witness' testimony" and "[g]ruesomeness alone need not cause exclusion." *People v Mills*, 450 Mich 61, 76; 537 NW2d 909 (1995). Finally, "[p]hotographs depicting the nature and extent of a victim's injuries may be probative of the defendant's mental state." *People v Head*, 323 Mich App 526, 541; 917 NW2d 752 (2018).

The photographs in question showed Neville Sr. on a hospital bed. Neville Sr. had a bandage on his neck, but only a limited amount of blood was visible in the photograph. The photographs did not show Neville Sr. covered in blood. In fact, the photographs did not actually show the bullet wound in Neville Sr.'s neck because a bandage covered the wound. The photographs only showed the location of Neville Sr.'s wound and his condition in the hospital. As such, the photographs were not gruesome.

The photographs had significant probative value because they showed Neville Sr.'s condition in the hospital and the location of his injury. The photographs also corroborated Neville Sr.'s testimony and showed the nature and extent of his injury. Any prejudicial effect, however, did not substantially outweigh the probative value of the photographs. As such, the photographs were properly admitted into evidence.

## V. SUFFICIENCY OF THE EVIDENCE

In defendant's Standard 4 brief, Administrative Order No. 2004-6, he contends that there was insufficient evidence for a rational juror to find that he committed second-degree murder. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo to determine if any rational trier of fact could determine that the essential elements of the crime were proven beyond a reasonable doubt. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012). All conflicts in the evidence are resolved in favor of the prosecution. *Id*. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). On appeal, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Finally, to sustain a conviction, due process requires sufficient evidence to justify a rational trier of fact finding guilt beyond a reasonable doubt. *People v Breck*, 230 Mich App 450, 456; 584 NW2d 602 (1998). Questions of constitutional law are reviewed de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

"The elements of second-degree murder are (1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v Bergman*, 312 Mich App 471, 487; 879 NW2d 278 (2015) (quotation marks and citation omitted). "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009) (citation and quotation marks omitted). Furthermore, "[m]alice may be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." *Id*. (citation and quotation marks omitted). Finally, "[t]he offense of second-degree murder does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences." *Id*. (citation and quotation marks omitted).

When viewed in the light most favorable to the prosecution, there was sufficient evidence for the jury to conclude, beyond a reasonable doubt, that defendant committed second-degree murder. Neville Jr. and Neville Sr. testified that defendant was waving a gun in the air while he argued with them in the street. The Nevilles ended their argument with defendant and walked back to Neville Sr.'s house. Defendant knew that Neville Sr. had a gun during this argument, but defendant still chose to approach the Nevilles on Neville Sr.'s porch. As defendant and Bailey approached the porch, defendant continued to threaten them and to wave his gun in the air. Bailey approached defendant and said something that Neville Jr. and Neville Sr. could not hear. In doing so, Bailey placed himself physically between Neville Sr. and defendant. After talking to defendant, Bailey approached Neville Sr., and defendant fired his weapon at Neville Sr. Neville Sr. returned fire and was shot in the neck as he attempted to find cover. By the time Neville Sr. fell to the ground, after being shot, Bailey had already fallen to the ground. Bailey died of his wounds.

The evidence shows that defendant was the aggressor in the situation that led to Bailey's death. The Nevilles had walked away from defendant before any violence began, but defendant and Bailey chose to follow them to Neville Sr.'s house. Defendant knew that Neville Sr. had a gun, but continued to threaten the men while waving his gun in the air. Finally, defendant fired his weapon first while Bailey stood between defendant and Neville Sr. Neville Sr. firing his gun in return was a foreseeable reaction to defendant shooting at him. Furthermore, Neville Sr. only fired his weapon because defendant shot at him. Thus, defendant caused Neville Sr. to shoot and Bailey's resultant death.

By shooting at Neville Sr., when Bailey stood between them, defendant set in motion a force likely to cause Bailey's death. As such, defendant acted with malice. See *Roper*, 286 Mich App at 84 (holding that "[m]alice may be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm."). Finally, no evidence showed that defendant was justified in shooting at Neville Sr. Accordingly, defendant did not have a lawful justification or excuse for causing Bailey's death. Accordingly, this claim of error is without merit.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

Also in his standard 4 brief, defendant contends that trial counsel was ineffective for failing to call an unidentified "important" witness, failing to file a motion challenging the lack of malice, and failing to seek a directed verdict in light of the admission of the prejudicial photographs. We disagree.

Because a *Ginther* hearing was not held in the trial court, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). "[W]hether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *Trakhtenberg*, 493 Mich at 47. "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012). Additionally, "[a] trial court's factual findings are reviewed for clear error." *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. . . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*Lockett*, 295 Mich App at 187 (citations omitted).]

Although defendant contends that his trial counsel was ineffective for failing to call an important witness, he failed to identify the witness and provide an offer of proof regarding the testimony the witness would have provided. In light of defendant's failure to establish the factual predicate for this claim of error, he is not entitled to appellate relief. See *Hoag*, 460 Mich at 6.

Defendant also argues that trial counsel was ineffective for failing to seek to set aside his second-degree murder conviction for lack of malice. However, whether the evidence was sufficient to support the requisite malice element of second-degree murder presented an issue for resolution by the jury, which disbelieved defendant's version of events. *People v Henderson*, 306 Mich App 1, 13; 854 NW2d 234 (2014). Accordingly, this claim of error fails.

Finally, defendant claims that trial counsel was ineffective for failing to move for a directed verdict on the basis of the admission of the photographs of Neville Sr.'s injuries. As explained earlier, however, the photographs of Neville Sr.'s injuries were properly admitted into evidence. As such, a motion for a directed verdict arguing that the photographs were prejudicial was futile. Thus, trial counsel was not ineffective on this basis.

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron

-7-