PEOPLE v ERVIN

Docket No. 96896. Submitted September 9, 1987, at Lansing. Decided October 6, 1987.

Timothy L. Ervin passed a number of bad checks in July of 1985 in Ingham and Eaton Counties. He then pled guilty in the Ingham Circuit Court to uttering and publishing and was sentenced to serve six months in the county jail. Approximately one month after defendant completed his Ingham County sentence, the Eaton County prosecutor charged defendant with attempted uttering and publishing. Defendant pled guilty and the Eaton Circuit Court, Donald E. James, J., sentenced defendant to ninety days in the county jail, six months probation, and defendant was ordered to make restitution. Defendant received credit for 111 days served in jail. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's right to due process of law was not violated when the Eaton County prosecutor waited eight months to bring charges against the defendant. Defendant failed to show that he was prejudiced in his ability to defend himself as a result of the delay.

2. Defendant has received credit for 111 days served, thus, any additional credit for time served would be meaningless since he received a sentence of incarceration for only ninety days.

Affirmed.

INDICTMENT AND INFORMATION — TIMELINESS — REMEDIES.

The charges against a defendant should be dismissed where there has been an unjustified delay between the commission of an offense and the filing of an information which substantially prejudices the defendant's right to a fair trial; the prejudice to the defendant must impair his right to a fair trial, and not merely have an adverse impact upon the sentence imposed upon the defendant.

REFERENCES

Am Jur 2d, Criminal Law §§ 836 *et seq.*; 849 *et seq.*

Finding or return of indictment, or filing of information, as tolling limitation period. 18 ALR4th 1202.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *K. Davison Hunter,* Assistant Prosecuting Attorney, for the people.

*Charles M. Zwick,* for defendant.

Before: D. F. WALSH, P.J., and SAWYER and WEAVER, JJ.

PER CURIAM. Defendant pled guilty to a charge of attempted uttering and publishing. MCL 750.249; MSA 28.446 and MCL 750.92(2); MSA 28.287(2). He was thereafter sentenced to serve ninety days in the county jail, placed on six months probation and ordered to make restitution. He now appeals and we affirm.

Defendant passed a number of bad checks in July of 1985 in Ingham and Eaton Counties. He was originally charged in Ingham County and pled guilty to a count of uttering and publishing. Defendant concedes in his brief on appeal that "it is apparent the Eaton County Prosecutors [sic] office did not agree to be bound by this [the Ingham County] plea agreement." Defendant was sentenced to serve six months in the Ingham County Jail as a result of the Ingham County conviction. Approximately one month after defendant completed his Ingham County sentence, the Eaton County prosecutor charged defendant in the instant case.

Defendant's sole issue on appeal is that his right to due process of law was violated by the Eaton County prosecutor's waiting eight months to bring the current charges. Defendant indicates that, had the Eaton County charges been brought at the same time as the Ingham County charges, he would have either received concurrent sentences or, possibly, he would have moved to withdraw his

Ingham County plea after becoming aware that the Ingham County plea did not resolve his difficulties with the Eaton County prosecutor's office. We disagree.

Accepting the proposition that the Eaton County prosecutor delayed instituting charges against defendant, without deciding that such occurred, the defect in defendant's argument is his failure to show that he was prejudiced as a result of the delay. It has been held that where there has been an unjustified delay between the commission of an offense and the filing of an information which substantially prejudices a defendant's right to a fair trial the charges should be dismissed. *People v Nuss*, 405 Mich 437, 452-453; 276 NW2d 448 (1979). See also *People v Bisard*, 114 Mich App 784; 319 NW2d 670 (1982). What must be kept in mind is that the prejudice to the defendant must impair his right to a fair trial, not merely that it has an adverse impact upon the sentence imposed upon the defendant. In this case, defendant brings forth no allegations that the Eaton County prosecutor's delay in bringing charges resulted in prejudice to his ability to defend himself in the instant case. Rather, defendant merely alleges that he was prejudiced in the sentencing ramifications of the delay. We believe this insufficient to necessitate a dismissal of charges in the instant case.

Defendant's argument based upon this Court's decisions in *People v Gleason*, 139 Mich App 445; 363 NW2d 3 (1984), and *People v Parshay*, 104 Mich App 411; 304 NW2d 593 (1981), is similarly without merit. In those cases, this Court addressed the perceived problem with a delay in bringing charges or in prosecuting charges after they are brought which has an adverse impact upon a defendant's receiving concurrent sentences or being deprived of credit for time served. However,

even assuming, without deciding, that the instant case comes within the purview of *Gleason* and *Parshay,* there is no remedy to be fashioned. The remedy fashioned by those cases is to give the defendant credit for time served against the subsequent offense based upon time spent incarcerated on the former offense. *Gleason, supra* at 447; *Parshay, supra* at 416. Thus, at most, under these cases defendant would be entitled to have the time served under the Ingham County sentence credited against the Eaton County sentence. However, such a remedy would be ineffectual in the case at bar as defendant has already received credit for 111 days served and his sentence of incarceration was only for ninety days. Thus, any additional credit for time served would be meaningless. Indeed, for that matter, it would appear that defendant has even served his term of probation. Thus, this Court is powerless to correct any error, assuming such an error exists.

Affirmed.