# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

NELSON KELLY SCOTT,

        Defendant-Appellee.

UNPUBLISHED
April 12, 2018

No. 337455
Wayne Circuit Court
LC No. 16-009370-01-FC

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

In August 2016, defendant was charged with two counts of first-degree criminal sexual conduct (CSC), MCL 750.520b, for conduct that allegedly occurred approximately 19 years earlier, on September 6, 1997. Defendant filed a motion to dismiss the charges, which the trial court granted based on the conclusion that the delay violated defendant's due process rights. The prosecution now appeals as of right the trial court's order dismissing the charges with prejudice. Because defendant failed to show that he was prejudiced by the delay, the trial court abused its discretion by granting defendant's motion to dismiss. Accordingly, we reverse and remand for reinstatement of the charges.

The procedural history in this case is uncontested. Defendant was originally charged with CSC in 1997 for allegedly assaulting the victim in this case, PM. In 1997, defendant was also charged with CSC for crimes perpetrated against two additional victims—RO and GF. At the preliminary examination for the PM case, PM failed to appear, purportedly because she was never subpoenaed. The examination was adjourned, but when PM failed to appear at the rescheduled preliminary examination, the trial court dismissed the case without prejudice.

Meanwhile, proceedings related to the RO and GF cases were ongoing, and defendant eventually reached a plea agreement with the prosecution regarding those cases. On March 4, 1998, defendant was sentenced to concurrent terms of 15 to 25 years' imprisonment for three counts of first-degree CSC and one count of first-degree home invasion. Defendant was released from prison on November 19, 2015.

In August 2016, after obtaining DNA evidence implicating defendant in the PM case, the prosecution refiled the CSC charges that had been dismissed in 1997. Defendant filed a motion to dismiss, arguing that the prosecution's delay in refiling the charges violated his constitutional due process rights. The trial court agreed, and granted defendant's motion. The prosecution now

appeals, arguing that defendant failed to establish that he was prejudiced by the delay and that the trial court thus abused its discretion by granting defendant's motion. We agree.

"This Court reviews a trial court's ruling regarding a motion to dismiss for an abuse of discretion." *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). "A trial court may be said to have abused its discretion only when its decision falls outside the range of principled outcomes." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). The underlying legal question, "whether the delay in charging defendant violated his right to due process of law," is a question of law that we review de novo. *People v Reid (On Remand)*, 292 Mich App 508, 511; 810 NW2d 391 (2011).

"A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). Michigan applies a balancing test to determine whether a delay violates a defendant's constitutional right to due process of law. *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999). Under this balancing test, a defendant bears the initial burden of demonstrating prejudice. *Adams*, 232 Mich App at 134.

> [O]nce a defendant has shown some prejudice, the prosecution bears the burden of persuading the court that the reason for the delay is sufficient to justify whatever prejudice resulted. This approach places the burden of coming forward with evidence of prejudice on the defendant, who is most likely to have facts regarding prejudice at his disposal. The burden of persuasion rests with the state, which is most likely to have access to facts concerning the reasons for delay and which bears the responsibility for determining when an investigation should end. [*Id*. at 133-134 (citation omitted).]

To meet the initial burden of demonstrating prejudice, the defendant must present evidence of "actual and substantial prejudice to his right to a fair trial." *Id*. at 134 (quotation marks and citation omitted). Actual prejudice cannot be shown by mere speculation; that is, "[a] defendant cannot merely speculate generally that any delay resulted in lost memories, witnesses, and evidence, even if the delay was an especially long one." *Woolfolk*, 304 Mich App at 454 (citations omitted). "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected." *People v Patton*, 285 Mich App 229, 237; 775 NW2d 610 (2009).

In this case, the court found that defendant was prejudiced by the passage of time between the dismissal of charges in 1997 and the refiling of the charges in 2016. Specifically, the trial court concluded that defendant was prejudiced by the delay because, had the charges been pursued in 1997, (1) defendant "might have had an alibi witness" and (2) the charges relating to PM could have been included in the plea agreement relating to RO and GF, whereas defendant now essentially faces consecutive sentencing "that was never contemplated or bargained for or agreed upon in his original plea." Contrary to the trial court's conclusions, speculations regarding a possible alibi and the potential for adverse sentencing consequences do not constitute actual and substantial prejudice to defendant's right to a fair trial, and thus

defendant's due process argument must fail because he has not shown prejudice. *Adams*, 232 Mich App at 134.

In particular, the trial court first reasoned that defendant "might" have lost an alibi witness. The trial court hypothesized that, for all anyone knew, defendant "might have been on the clock at McDonald's that day . . . ." However, regardless of the passage of time, speculation as to lost witnesses or evidence is insufficient to establish prejudice. See *Woolfolk*, 304 Mich App at 454. Defendant is tasked with presenting evidence of prejudice that is actual and substantial. *Id.*; *Adams*, 232 Mich App at 134. Defendant has failed, however, to name any actual alibi witnesses and he has failed to provide any details of a possible alibi defense. Cf. *Patton*, 285 Mich App at 237. Defendant has not shown prejudice based on the speculative possibility that he *might* have had an alibi.

In attempting to establish prejudice, on appeal defendant references a specific witness—the victim's son—who has died and is no longer available as a witness. The victim's son witnessed the assault on PM, and defendant now claims prejudice because this witness is unavailable. However, defendant also admits that he has no idea what testimony the witness would have offered, and there is no indication that the loss of this testimony actually and substantially prejudiced defendant's ability to receive a fair trial. "[A] defendant does not show actual prejudice based on the death of a potential witness if he has not given an indication of what the witness's testimony would have been . . . ." *Adams*, 232 Mich App at 136 (citation omitted). Indeed, given that the witness was a potential prosecution witness, it would seem that, if any party has been prejudiced by the passage of time, it is the prosecution that will be detrimentally affected by the loss of this witness. Cf. *id.* at 136-137. In short, the death of the victim's son does not establish that defendant has suffered actual and substantial prejudice.

Finally, the trial court also found that defendant was prejudiced with regard to sentencing because of the plea agreement pertaining to the RO and GF cases. The trial court theorized that defendant would have been able to include the charges relating to PM in his plea agreement relating to the other cases and that defendant could have served his sentences concurrently, whereas now, if convicted and sentenced, defendant will effectively have received consecutive sentences. There are two flaws with the trial court's reasoning. First, while it is possible that the charges relating to PM could have been included in the plea agreement in 1997, there is nothing in the record to suggest that this possibility is anything more than speculation. That is, there is no indication that the parties intended for the plea agreement to apply to the PM case. Defendant cannot establish prejudice based on speculation regarding his plea agreement. See *Woolfolk*, 304 Mich App at 454. Second, and more importantly, defendant's attempt to show prejudice by demonstrating unfavorable sentencing ramifications is misplaced in the context of the due process analysis before us. When considering whether a defendant was prejudiced by a delay in pursuing charges, "[w]hat must be kept in mind is that the prejudice to the defendant must impair his right to a fair trial, not merely that it has an adverse impact upon the sentence imposed upon the defendant." *People v Ervin*, 163 Mich App 518, 520; 415 NW2d 10 (1987). See also *United States v Ivy*, 678 Fed Appx 369, 374 n 3 (CA 6 2017) (finding "no authority for the proposition that a delay that may affect one's ability to serve sentences concurrently . . . implicates due process"). In other words, the question before the trial court was whether defendant's ability to defend against the charges had been meaningfully impaired by the prearrest delay, *Patton*, 285 Mich App at 237, not whether defendant might have received a better "package" deal or served

concurrent sentences had the PM case been litigated in 1997.[1]  See *Ervin*, 163 Mich App at 520. Thus, the trial court erred by finding prejudice to defendant based on potentially negative sentencing consequences.

Overall, defendant has not shown that his ability to defend against the charges was impaired by the delay, and thus the burden did not shift to the prosecutor to establish the reasonableness of the delay.  See *Adams*, 232 Mich App at 136.  Because defendant has not presented evidence of prejudice, his due process claim is without merit.  Accordingly, the trial court abused its discretion by granting defendant's motion to dismiss based on the delay in pursuing the charges related to PM.  *Id.* at 138-139.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray

---

[1] The trial court also suggested that defendant's original attorney, who has since died, could be considered ineffective for failing to ensure that the PM charges were included in the plea agreement; but, without some indication that the prosecution was amenable to including the PM charges in the plea offer, there is no basis for concluding that defense counsel was ineffective during the plea bargaining process and defendant is not entitled to relief on this basis.  See *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).  Moreover, defendant's claim is not one for ineffective assistance; instead, he claimed a due process violation based on the delay in pursuing charges relating to PM.  As noted, the due process inquiry focuses on a defendant's ability to defend against the charges, not his ability to obtain a plea bargain that would include concurrent sentencing.  We see no basis for concluding that defendant's due process rights were violated because his attorney failed to obtain resolution of the PM charges in 1997.