*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

MARCELLIS RAYIMONTE TINSLEY,

Defendant-Appellee.

UNPUBLISHED
March 19, 2020

No. 346450
Wayne Circuit Court
LC No. 18-006627-01-FH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order dismissing all charges against defendant because of prearrest delay. On appeal, the prosecution argues that the trial court abused its discretion when it granted defendant's motion to dismiss for prearrest delay because defendant failed to meet his burden by demonstrating that actual and substantial prejudice resulted from the delay in arrest. We agree, and thus we vacate the order of dismissal and remand for further proceedings consistent with this opinion.

## I. UNDERLYING FACTS

On December 30, 2017, defendant was arrested by the Canton Police Department for possession of a fraudulent financial transaction device, MCL 750.157n(2). The next day, defendant was questioned about the incident by police. During the interview, defendant admitted to committing the offense on December 30, 2017. Defendant also admitted to committing a similar offense on March 19, 2017.

A warrant was issued for the December 30, 2017 incident, and on January 3, 2018, defendant was arraigned on that warrant. No action was taken related to the March 19, 2017 incident. On February 1, 2018, defendant pleaded guilty to one count of possession of a fraudulent transaction device, and on March 8, 2018, he was sentenced to 30 months' probation, with the first nine months to be served in the Wayne County Jail. On April 4, 2018, a warrant was issued charging defendant with identity theft, MCL 445.65, possession of a fraudulent financial transaction device, MCL 750.1570n(2), and illegal sale or use of a financial transaction device,

MCL 750.157q, relating to the March 19, 2017 offenses. Defendant was not arraigned on the warrant relating to the March 19, 2017, offenses until August 1, 2018.

On October 31, 2018, defendant filed a motion to dismiss the charges relating to the March 19, 2017 offenses, arguing that his due-process rights were violated as a result of the prearrest delay because he was facing additional jail time. On November 7, 2018, the trial court held a hearing on defendant's motion to dismiss. Defendant argued that when he was charged with the offenses relating to the December 30, 2017 incident, the prosecution was aware that defendant had confessed to committing the same crimes on March 19, 2017. Despite the prosecution's knowledge of these offenses, a warrant was not issued relating to the offenses committed on March 19, 2017, until after defendant already had pleaded guilty and was sentenced for the offense committed on December 30, 2017. Furthermore, defendant was not arraigned on the March 19, 2017 offenses until after he had served his nine-month jail sentence for the crimes committed on December 30, 2017. Consequently, defendant asserted that the prearrest delay prejudiced him because his sentences in both cases could have run concurrently.

The trial judge stated at the hearing that the prosecution does not have "unfettered discretion [to] charge a person any time they want to," and that when the prosecution "receive[s] the information about the charges and they intend to charge him, they have to charge him within a reasonable amount time." The prosecution explained that the delay was the result of a need for additional investigation relating to the March 19, 2017 offenses. The trial judge, however, found that "it [was] unreasonable to expect [defendant] to be charged after a conviction, a second offense occurring much later that the first offense . . . [a]nd then . . . fac[e] a subsequent sentence. . . ." Accordingly, the court found that that "the charges are unreasonable and in violation of due process," and granted defendant's motion to dismiss. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews a trial court's ruling regarding a motion to dismiss for an abuse of discretion." *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). "A challenge to a prearrest delay implicates constitutional due-process rights, which this Court reviews de novo." *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999).

For the first time on appeal, defendant argues that he was prejudiced by the prearrest delay here because, under MRE 404(B)(1), his December 30, 2017 conviction can now be used by the prosecutor in the March 19, 2017 case. Thus, this issue is unpreserved. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007) ("For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court."). Unpreserved issues are reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a

showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (quotation marks, citations, and brackets omitted).]

Generally, prejudice "requires a showing . . . that the error affected the outcome of the lower court proceedings." *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014) (quotation marks and citation omitted).

## III. ANALYSIS

The trial court abused its discretion by granting defendant's motion to dismiss because defendant failed to establish that he was prejudiced by the delay.

"A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). But, "[m]ere delay between the time of the commission of an offense and arrest is not a denial of due process. There is no constitutional right to be arrested." *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009) (citation omitted). "Michigan applies a balancing test to determine whether a delay violates a defendant's constitutional right to due process of law. Under this balancing test, defendant bears the initial burden of demonstrating prejudice." *People v Scott*, 324 Mich App 459, 462; 924 NW2d 252 (2018). After a defendant shows prejudice, then the prosecution has the burden of demonstrating that the reason for the delay sufficiently justified such prejudice. *Id.* (citation omitted).

The prejudice to the defendant must be actual and substantial, not mere speculation. *Woolfolk*, 304 Mich App at 454. General allegations are not sufficient to establish prejudice. *Patton*, 285 Mich App at 237. "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected." *Id.* "When considering whether a defendant was prejudiced by a delay in pursuing charges, what must be kept in mind is that the prejudice to the defendant must impair his right to a fair trial, not merely that it has an adverse impact upon the sentence imposed upon the defendant." *Scott*, 324 Mich App at 465 (quotation marks, citation, and alteration omitted). Once the defendant establishes prejudice, the prosecutor bears the burden of persuasion and he or she must show that the reasons for the delay were sufficient to justify the prejudice. *Patton*, 285 Mich App at 237. The need to investigate further, rather than a desire to obtain a tactical advantage, is a proper reason for a delay. *Adams*, 232 Mich App at 140.

At the motion hearing, the trial judge reasoned that when the prosecution "receive[s] the information about the charges and they intend to charge him, they have to charge him within a reasonable amount time." Consequently, the trial judge found that defendant's right to due process had been violated because the delay was unreasonable. But a delay alone does not establish

prejudice because a defendant has no right to be arrested. *Patton*, 285 Mich App at 236. Rather, the proper test is whether a defendant has established actual and substantial prejudice to his defense. *Adams*, 232 Mich App at 135. The trial judge failed to make any such finding. Consequently, the trial judge's order of dismissal was premised on an error of law and, therefore, was an abuse of discretion. See *Al-Shara*, 311 Mich App at 566. This Court, however, will "not reverse where the trial court reaches the right result for a wrong reason." *People v Ramsdell*, 230 Mich App 386, 406; 585 NW2d 1 (1998). Accordingly, we choose to address defendant's remaining arguments that would support the trial court's order of dismissal.

Defendant argues that the prearrest delay resulted in actual and substantial prejudice because defendant may face adverse sentencing consequences. Such adverse sentencing consequences could arise because if the prosecution had brought the charges relating to the March 19, 2017 offenses at the same time that it charged the December 30, 2017 offense, defendant could have received concurrent sentences. This argument is without merit.

At the motion hearing, the trial judge found that "it is unreasonable to expect [defendant] to be charged after a conviction, a second offense occurring much later than the first offense . . . [a]nd then . . . fac[e] a subsequent sentence. . . ." The trial judge, therefore, held that defendant's right to due process was violated because defendant was facing an additional sentence for the March 19, 2017 offenses. The trial judge made an error of law by doing so. "When considering whether a defendant was prejudiced by a delay in pursuing charges, what must be kept in mind is that the prejudice to the defendant must impair his right to a fair trial, not merely that it has an adverse impact upon the sentence imposed upon the defendant." *Scott*, 324 Mich App at 465 (quotation marks, citation, and alteration omitted). Stated differently, "the question before the trial court was whether defendant's ability to defend against the charges had been meaningfully impaired by the prearrest delay, not whether defendant might have received a better 'package' deal or served concurrent sentences," if the March 19, 2017 and the December 30, 2017 offenses had been tried or sentenced at the same time. *Id*. at 465-466 (citation omitted). Thus, the trial judge abused his discretion by finding that defendant's right to due process had been violated because defendant potentially faced an adverse sentencing consequence.

Defendant also argues that the prosecution intentionally waited to bring charges for the March 19, 2017 offenses in order to gain a tactical advantage. Until defendant has met his burden of coming forward with evidence of actual and substantial prejudice, the prosecution is not required to justify the delay. *Adams*, 232 Mich App at 135, 139. Even assuming defendant had established the burden of showing that he was prejudiced by the delay, however, there is no evidence that the delay was caused by the prosecution's attempt to gain a tactical advantage. At the motion hearing, the trial judge found that "when [the prosecution] receive[s] the information about the charges and they intend to charge him, they have to charge him within a reasonable amount of time." The trial judge, however, did not find that the prosecution intentionally delayed bringing charges against defendant for the March 19, 2017 offenses to gain a tactical advantage. Instead, the trial judge merely found that because the delay in bringing charges was unreasonable, there was a violation of due process. Furthermore, the prosecution explained that a confession alone is not sufficient evidence to move forward on a warrant. In addition to obtaining a confession, the prosecution needed to conduct an additional investigation into the March 19, 2017 offenses and interview potential witnesses, which are proper reasons for a delay. *Adams*, 232 Mich App at 140.

Defendant, however, argues that the prosecution intentionally delayed bringing charges for the March 19, 2017 offenses until after defendant had pleaded guilty and was sentenced for the December 30, 2017 offense because the delay would permit the prosecution to admit MRE 404(b)(1) evidence of his December 30, 2017 offense at his trial for the March 19, 2017 offenses. Because of this otherwise inadmissible evidence, defendant would either be forced to plead guilty or be convicted and face corresponding adverse sentencing consequences. Defendant's argument fails because he is merely speculating that because evidence of the December offense might be admitted, he might be more likely to be convicted of the March offense, and, based on the alleged increased likelihood of conviction, might choose to plead guilty if he does not stand trial. It is obvious that defendant's argument is surmise piled on top of surmise. As addressed above, however, any prejudice to defendant must be actual and substantial, not mere speculation, *Woolfolk*, 304 Mich App at 454, and general allegations are not sufficient to establish prejudice, *Patton*, 285 Mich App at 237. Furthermore, "prosecut[ing] a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *Adams*, 232 Mich App at 140 (quotation marks and citation omitted).

While defendant may be prejudiced by the admission of 404(b)(1) evidence about the December 30, 2017 offense, prejudice alone is insufficient to support an order of dismissal. Defendant has failed to establish that the potential admission of 404(b)(1) evidence would "meaningfully impair" his defense "in such a manner that the outcome of the proceedings [are] likely affected," especially when considering that defendant already confessed to committing the March 19, 2017 offenses. *Patton*, 285 Mich App at 237. Additionally, there is no evidence that the delay in bringing charges for the March 19, 2017 offenses was the result of an attempt to gain a tactical advantage. Because defendant failed to demonstrate that he was prejudiced, the burden did not shift to the prosecution to justify the prearrest delay. Thus, the trial court abused its discretion in finding that defendant's due-process rights had been violated and by entering the order of dismissal.

The order of dismissal is vacated and the case remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel