*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

SUSAN KATHLEEN DODGE-DOAK,

        Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 359955
Wayne Circuit Court
LC No. 21-003405-01-FC

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

The prosecution appeals as of right from the order of dismissal without prejudice of the charge of first-degree criminal sexual conduct (victim under 13, defendant 17 years or older) (CSC-I), MCL 750.520b(1)(a) and (2)(b). On appeal, the prosecution argues that the circuit court erred by dismissing the case without prejudice when the relief requested by defendant was a remand for further proceedings. Finding no error with the circuit court's decision to dismiss, we affirm.

Defendant was charged with one count of CSC-I when her daughter, LD, accused defendant of digitally penetrating her once as a child. The district court conducted a preliminary examination which resulted in the case being bound over to circuit court. However, at the preliminary examination, the district court curtailed defendant's cross-examination of the prosecution's only witness, LD, and refused to allow defendant to call any defense witnesses.

Following the bindover, defendant filed a motion to remand in the circuit court, arguing that procedural irregularities in the preliminary examination warranted further proceedings in the district court. The prosecution filed a response, agreeing that a remand to the district court for further preliminary-examination proceedings was warranted because defendant was not allowed an opportunity to call witnesses. At the hearing on the motion to remand, the circuit court sua sponte dismissed the case because it found that the many errors committed during the preliminary

-1-

examination made remand impracticable.[1]  The prosecution filed a motion for reconsideration, which the circuit court denied.  The prosecution then appealed to this Court.

On appeal, the prosecution argues that the circuit court abused its discretion by dismissing the case instead of remanding to the district court for further proceedings.  We disagree.

Although defendant filed a motion to remand, we review the circuit court's actions under the standard applicable to motions to dismiss since the circuit court dismissed the case.  The standard of review for a ruling on a motion to dismiss is abuse of discretion.  *People v Scott*, 324 Mich App 459, 462; 924 NW2d 252 (2018).  An abuse of discretion occurs when the trial court's "decision falls outside the range of principled outcomes."  *Id*. (quotation marks and citation omitted).  A trial court "necessarily abuses its discretion when it makes an error of law."  *People v Gerhard*, 337 Mich App 680, 685; 976 NW2d 907 (2021) (quotation marks and citation omitted).

The parties do not dispute that the district court erred by not allowing defendant to call witnesses at the preliminary examination.  MCL 766.12 states, "After the testimony in support of the prosecution has been given, the witnesses for the prisoner, if he have any, shall be sworn, examined and cross-examined and he may be assisted by counsel in such examination and in the cross-examination of the witnesses in support of the prosecution."  Our Supreme Court, in *People v Brown*, 505 Mich 984 (2020),[2] held that the district court's refusal to allow the defendant to call witnesses constituted an abuse of discretion in light of MCL 766.12 and therefore remanded the case to the district court to allow the defendant to call witnesses.  Additionally, MCR 6.110(C) states, "The court shall allow the prosecutor and the defendant to subpoena and call witnesses, offer proofs, and examine and cross-examine witnesses at the preliminary examination."

The district court violated both MCL 766.12 and MCR 6.110(C) by not allowing defendant to call witnesses.  MCR 6.110(H) states that "[i]f, on proper motion, the trial court finds a violation of subrule (C), (D), (E), or (F), it must either dismiss the information or remand the case to the district court for further proceedings."   That is, under MCR 6.110(H), the remedy for refusing to allow a defendant to call witnesses at a preliminary examination is either dismissal or remand. Therefore, the circuit court was permitted by court rule to dismiss the case.[3]

Because the circuit court chose one of the two permissible remedies for the district court's error, to succeed on appeal, the prosecution must show that the circuit court's decision to dismiss instead of remand fell outside the range of principled outcomes.  *Scott*, 324 Mich App at 462.  In this regard, the prosecution argues that the decision to dismiss instead of remand was erroneous

---

[1] It is undisputed that the prosecution may initiate a new case in the district court.

[2] Although *Brown* is an order, it is binding on this Court since it contains "an understandable rationale."  *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

[3] MCR 6.110(H) is titled "Motion to Dismiss" and, by its plain language, is triggered "on proper motion."  The prosecution does not argue, however, that the circuit court exceeded its authority under MCR 6.110(H) because defendant did not file a "Motion to Dismiss" under that court rule.  Nor does the prosecution argue that the circuit court's authority to dismiss the case under MCR 6.110(H) may only be invoked "on proper motion" requesting that particular relief.

because neither party requested dismissal in the circuit court, and a remand for further proceedings would have permitted the district court to consider additional evidence without requiring LD to testify a second time. However, trial courts ordinarily have the discretion to fashion appropriate remedies in criminal proceedings, absent some limitation imposed by law. See generally, *People v Clark*, 164 Mich App 224, 229; 416 NW2d 390 (1987) (discussing discovery violations); *People v Peters*, 128 Mich App 292, 295; 340 NW2d 317 (1983) (discussing unkept promises in plea agreements).

We accordingly decline to conclude that the circuit court was categorically prohibited from dismissing the case because neither party requested that particular form of relief. Further, while we acknowledge that LD may be required to testify a second time, as the circuit court noted, her cross-examination was abruptly ended without warning. In addition, the district court repeatedly interrupted the cross-examination as well. These reasons support the circuit court's decision to dismiss the case in lieu of remanding it to the district court for further proceedings. Although the circuit court may have reasonably decided to the contrary, its decision in this case was within the range of principled outcomes. *Scott*, 324 Mich App at 462.

Affirmed.[4]

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

---

[4] The prosecution alternatively argues that the transcript from the original preliminary examination may be incorporated in the second preliminary examination to avoid the need for LD to testify again upon refiling. However, this issue was not raised in the statement of questions presented. See *People v Anderson*, 331 Mich App 552, 559 n 1; 953 NW2d 451 (2020). We therefore decline to address it.

We also note that defendant argues that the original district judge who presided over the case should be disqualified due to an appearance of impropriety. However, defendant failed to file a cross-appeal. MCR 7.207(A)(1). We therefore decline to address this argument as well. See *People v Erickson*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 355943); slip op at 8.